BENJAMIN F. HALL, appellant from a decree of the judge of probate, *vs.* PAUL E. MERRILL.

## Cumberland. Decided June 4, 1877.

*Executors and Administrators.*

Chapter 116, laws of 1873, is a rule for the proceedings of the probate court in all cases where the estate was represented insolvent after that act took effect; and the probate judge may properly order the sum allowed by commissioners appointed under c. 115, laws of 1859, to be added to the list of claims entitled to dividends upon such estate, though the commissioners of insolvency disallow all the other claims presented, and by reason of such disallowance, the estate is able to pay all the debts.

A claim thus allowed by commissioners, under the statute of 1859, in 1867 is not barred by any statute of limitations in 1874; and, but for the represen_tation and decree of insolvency upon the estate, the creditor would be entitled to execution upon it, under the provisions of R. S., c. 82, § 131, at any time before the estate is finally settled in probate court.

It is competent for a claimant to acknowledge notice of the petition of an executor or administrator for the appointment of commissioners under c. 115, laws of 1859, or R. S., c. 64, § 51, and for claimant and executor or administrator to acknowledge notice of the time and place of hearing before such commissioners; and the fact that this is done, is not of itself proof of fraud in the allowance of the claim, and will not affect the validity of the proceedings.

ON EXCEPTIONS, from a ruling affirming a decree of the judge of probate.

On the third Tuesday of May, 1867, on the application of Mary A. Merrill, widow and executrix of the last will and testament of

Frederic Merrill, deceased, representing that a certain claim made by Paul E. Merrill, (appellee) son of said Frederic, was exorbitant, the judge of probate, in accordance with the provisions of the St. of 1859, c. 115, (R. S., c. 64, § 51) appointed commissioners to determine whether any and what amount should be allowed on such claim, and issued a warrant to them therein directing them to "appoint a convenient time and place for meeting to examine said claim, and to give personal notice thereof to the claimant and executrix, in writing, at least seven days previous to the time appointed," and to make return of their proceedings to the probate office in two months.

On June 20, 1867, the commissioners were sworn, and the claimant and the executrix indorsed upon the warrant an acknowledgment of notice over their several signatures.

At the term of the probate court, held on the first Tuesday of July, 1867, the commissioners made their report on the back of the warrant, therein stating that they had been sworn, had given notice of the time, place and purpose of their meeting as directed, and had examined and allowed the whole of the claim of $770, and $4.00 interest thereon. At the same term, the judge of probate accepted the report, and ordered the same to be filed and recorded; from which no appeal was taken.

At the Oct. term, 1873, of the probate court, (the executrix having deceased) Benjamin F. Hall, (appellant) was duly appointed and qualified administrator *de bonis non cum testamento annexo* of the estate of Frederic Merrill. At the succeeding April term, the estate was represented insolvent; and the commissioners of insolvency after due notice and hearing of claimants, made their report at the Oct. term, 1874. The commissioners disallowed six notes of various sums and dates, presented by different persons. The only remaining claims presented were that of Paul E. Merrill, (appellee) for $774, and one other of like character, concerning which the commissioners in their report say : "It appearing that these claims have been allowed by other commissioners, and reported to the judge of probate and by him ordered to be filed and recorded, and no appeal taken therefrom, we do not regard them within our jurisdiction, and therefore take no action upon

them." The report was accepted by the judge of probate; from which no appeal was taken.

At the December term, 1876, on the petition of Paul E. Merrill praying therefor, the judge of probate after notice and hearing decreed, "That said claim, viz: the sum of $774, together with interest thereon from the first Tuesday of July, 1867, being the date of the acceptance of the report of the commissioners allowing the same, be and the same is hereby ordered to be added to the list of debts entitled to dividends from said Frederic Merrill's estate." From this decree the administrator *de bonis non* appealed, and assigned the following reasons :

1. There is no law under and by force of which the petition can be allowed or the decree made.

2. The claim allowed by the commissioners was a fraud upon the estate.

3. The claim is barred by the statute of limitations.

4. The estate is not insolvent, but solvent, and hence is not an estate of dividends.

5. There is no list of debts entitled to dividends, and hence nothing to which this claim can be added.

6. It is not a claim which carries interest, and so if it can be allowed, it should be allowed without interest.

The presiding justice at *nisi prius* sustained the decree; and the appellant alleged exceptions. Other facts appear in the opinion.

*W. H. Vinton,* for the appellant.

I. The petition is based upon c. 116, of the public laws of 1873. The special commissioners upon the claims of Paul E. Merrill were appointed in 1867. Laws are not retroactive. The decisions are too numerous to cite. The commissioners were not appointed under chapter and section of the R. S. referred to in the act of 1873. This petitioner has mistaken his remedy. The law applicable is found in R. S., c. 82, § 131.

II. No notice was given as required by law. Parties met, notice waived, commissioners sworn, claim allowed, made up and signed all in one day.

III. If the finding of the commissioners is a method of finding

the amount due the estate, it is barred ; if in the nature of a judgment, it is not barred.

IV. The statute of 1873 applies only to insolvent estates. When this petition was presented in the probate court, the estate was solvent in fact and by the record.

V. Nothing to add to.

VI. Interest is not allowed unless by contract or statute.

*C. P. Mattocks & E. W. Fox,* with whom was *A. B. Holden,* for the appellee.

Claims established by commissioners upon insolvent estates are never outlawed. *Bancroft* v. *Andrews,* 6 Cush. 493.

An estate once represented insolvent, must be settled after the manner of insolvent estates throughout.

BARROWS, J. The case is before us on exceptions to the *pro forma* ruling of the judge at *nisi prius,* affirming the decree of the judge of probate.

We proceed to examine the grounds of the appeal in the order in which they appear in the reasons of appeal.

I. It is claimed that there is no law under and by force of which the petition of the appellee could be allowed, or the decree made. The counsel for the appellant errs in assuming that it is giving a retroactive effect to c. 116, laws of 1873, to apply it to proceedings in insolvency which were initiated in the probate court in 1874, although certain other proceedings relative to the estate had been had before the act of 1873 was passed. The existence of that statute as the governing rule of the action of the probate court in such cases at the time of their appointment was rightly recognized by the commissioners of insolvency, and was the precise ground upon which they determined that they had no jurisdiction of the claims of Paul E. Merrill and Margaret J. Merrill. Chapter 116 of the laws of 1873, was designed to regulate the proceedings of commissioners of insolvency, and of the probate court, in all cases where such commissioners should be appointed after the act took effect. Frederic Merrill's estate was not represented insolvent until April, 1874. That must be regarded as the date of the commencement of the proceedings which have culminated in this appeal;

and the law under which this decree was passed had then been in force more than a year. To say that the statute does not apply because the commissioners were not "appointed under the provisions of R. S., c. 64, § 51," but of Stat. 1859, c. 115, which in the revision reappears as § 51, c. 64, might be adhering to the letter, but would be in disregard of the spirit and intent of the statute we are to construe.

II. There is no evidence which tends to show fraud in the original allowance of the claim by the commissioners appointed under the statute of 1859, to examine it as a claim alleged by the executrix to be exorbitant and illegal. The surmise that it may be so because the claimant and the executrix both acknowledged notice of the time and place of the meeting of the commissioners, thereby saving to the estate the expense of the service of a formal notice from the commissioners, is idle. It was competent for the parties thus to acknowledge notice, and for Paul E. Merrill to acknowledge notice of the petition of the executrix upon which the commissioners were appointed, and these facts do not in any way affect the validity of the proceedings.

III. Nor is the case within any statute of limitations so as to bar the claim of the appellee. Those statutes, so far as they relate to the assertion of claims against the estates of parties deceased, require prompt action on the part of creditors in bringing forward their claims, and in enforcing them, if denied, in the modes provided by law. But an executor or administrator cannot, by merely postponing payment of a claim that has once been adjudicated upon by competent authority and allowed, defeat the right of the creditor to final payment out of the assets in his hands. *Greene* v. *Dyer*, 32 Maine, 460. *Bancroft* v. *Andrews*, 6 Cush. 493.

The adjudication of the commissioners appointed under the statute of 1859, not having been appealed from, was conclusive as to the right of Paul E. Merrill to the amount allowed, so long as the administration of the estate remained incomplete; and the fact that, instead of sequestering a portion of the estate in which Frederic Merrill had given his widow a life estate, he suffered the provisions of the testator's will to be carried out in that particular, cannot prejudice his rights in the ultimate distribution so long as there is no statutory bar that can be interposed.

Up to the time of the representation and decree of insolvency, he could have had on application to a judge of this court under c. 293, laws of 1865, (R. S. c. 82, § 131) an execution for the amount allowed him by the commissioners, and interest thereon from the time of the return of their report to the probate court, with certain costs as provided in those sections. The proceedings in insolvency substituted for that remedy the one given by c. 116, laws of 1873, which it was the lawful design and scope of the decree to enforce, and which might be made at any time before the estate was finally closed.

IV. The fourth and fifth reasons of appeal may properly be disposed of together. They are in substance that the decree ought not to have been made because Frederic Merrill's estate did not "prove to be insolvent," but the contrary; and because there was no "list of debts entitled to dividends," inasmuch as all the other claims but those of Paul E. Merrill and Margaret J. Merrill were disallowed by the commissioners of insolvency. We cannot adopt the narrow construction for which the appellant contends. After the decree of insolvency and the acceptance of the report of the commissioners of insolvency, the estate is to be settled as an insolvent estate, though it pays dollar for dollar and leaves a residuum for the heirs or legatees; and if there are any claims legally established against it by the adjudication of commissioners appointed under c. 64, § 51, R. S., or c. 115, laws of 1859, they are to be entered by the judge of probate on the list of debts entitled to dividends, (and to payment in full if the estate is sufficient) whether there are any other entries on that list or not. The estate cannot be suffered to escape the payment of them because the commissioners of insolvency report nothing else due.

If it were competent for the probate judge to revoke the proceedings in insolvency and allow the estate to be settled as a solvent estate, the only consequence so far as this appellant is concerned would be to make the estate in his hands liable to an execution to be issued under R. S. c. 82, § 131, and himself to a charge of waste if he suffered it to be taken on such execution.

> *Exceptions overruled.   Decree of the judge of probate affirmed, with costs for the appellee.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.